Ola Mae Krug, Appellant, *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Appellee.

Argued May 9, 1973, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Blair V. Pawlowski,* with him *D. Gerard Long,* for appellant.

*Barry A. Roth,* Assistant Attorney General, with him *Marx S. Leopold,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 31, 1973:

This is an appeal from a decision of the Department of Public Welfare which denied Appellant disability benefits under the Act of December 8, 1959, P. L. 1718, No. 534, §1, as amended, 61 P.S. §951.

The Appellant Ola Mae Krug was employed at the Ebensburg State School and Hospital, a facility operated under the direction of the Department of Public Welfare, whose primary concern is the care of retarded children. She was employed as a "Child Care Aide II."

On July 26, 1971, as Appellant was helping a patient walk to the dining room, the patient threw herself at Appellant's lower legs, causing severe injuries and resultant total disability.

Appellant filed a timely claim for benefits under Act 534 which provides that any employee of a state mental hospital[1] ". . . who is injured during the course of his employment by an act of any inmate or any person confined in such institution . . . shall be paid, by the

---

[1] This particular part of the Act also covers those employees who work in penal and correctional institutions, and youth development centers.

Commonwealth of Pennsylvania, his full salary, until the disability arising therefrom no longer prevents his return as an employe of such department, board or institution at a salary equal to that earned by him at the time of his injury. . . ." (61 P.S. §951)

The Ebensburg State School and Hospital found that Mrs. Krug's injury was not a qualifying "patient injury" and the Deputy Secretary of Management by the authority of the Secretary of Public Welfare affirmed the denial of Act 534 benefits. Notice of this decision was dated November 29, 1971.

Appellant promptly notified the Department of Public Welfare that she would contest the findings of the Department. After a hearing on July 18, 1972, the examiner denied Appellant benefits under Act 534 because the patient "was reacting in what was considered a normal tendency for her behavior pattern," and since "the patient has tendencies to go into temper tantrums, the incident that occurred on July 26, 1971, cannot be considered a deliberate act on Mrs. Krug."

She appeals to this Court.

Appellant contends that the conduct of the patient in throwing herself at Appellant's leg was clearly "an act of an inmate" within the purview of Act 534.

We agree and reverse the Department of Public Welfare's decision.

We emphasize this Court's scope of review in this kind of case. An adjudication of the Department of Public Welfare will be sustained if it is in accordance with law and is supported by substantial evidence. *Parago v. Department of Public Welfare,* 6 Pa. Commonwealth Ct. 16, 291 A. 2d 923 (1972).

Act 534 was designed to assure those who undertake employment at certain state institutions that they would be fully compensated in the event they were disabled as a result of ". . . an act of any inmate or any person confined in such institution. . . ."

Appellant argues convincingly that the action of the patient in throwing herself at the Appellant's legs was precisely the type of conduct contemplated by the legislative enactment.

Appellee disagrees contending that a *deliberate* attack or assault by a patient must occur before the benefits of Act 534 flow to the injured employee. Since the action by the patient in this case was not deliberate, but merely a compulsive act normally associated with her behavioral pattern, Appellee argues that the hearing examiner did not err in concluding that the Appellant was not entitled to the benefits under the Act.

While we agree with Appellee that not all injuries sustained by employees at the specified institutions are covered by Act 534, we hold that the narrow interpretation of the term "act," by which actual intent to harm must be established, was not intended by the legislature. Whether a patient formulated an intent to harm or even possessed such a capability, is not the deciding factor in determining eligibility for Act 534 benefits. If the injury incurred by the employee resulted from an "act" of a patient, irrespective of actual intent to deliberately harm, the employe is covered by Act 534.

In this case the only testimony relating to the injury was given by Appellant. She testified that the patient threw herself at Appellant's feet, causing the injury. In our view and we so hold that this was an "act" of the patient, and that the hearing examiner erred as a matter of law when he dismissed Appellant's claim for benefits solely because she failed to establish that the act was deliberate.

### Order

And Now, this 31st day of July, 1973, the Order of the Department of Public Welfare denying Appellant benefits under Act 534 is hereby reversed. The record

in this case is hereby remanded to the Department of Public Welfare for proceedings consistent with this opinion.