John J. Kohn, Petitioner *v.* Henry H. Kaplan, Chairman, Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Respondent.

Argued June 10, 1977, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Paul L. Zeigler,* with him *Goldberg, Evans & Katzman,* for petitioner.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, July 19, 1977:

John J. Kohn, who was formerly an enforcement officer of the Pennsylvania Liquor Control Board, has filed a Petition for Review naming the Chairman of the Liquor Control Board as respondent. He invokes both Sections 401 and 403 of the Appellate Court Jurisdiction Act of 1970[1] as the source of our jurisdiction. Section 401, 17 P.S. §211.401, gives us original jurisdiction of actions against the Commonwealth or any officer of the Commonwealth, and Section 403, 17 P.S. §211.403, gives us jurisdiction of appeals from final orders of administrative agencies of the Commonwealth. Kohn asks us in our original jurisdiction to direct the respondent to pay him his salary during a period of temporary incapacity and medical expenses of an injury suffered in his employment; with respect to his asserted appeal from an order of an administrative agency, Kohn says that the failure of the Liquor Control Board to respond to his lawyer's letter demanding the payments just described constituted an adjudication subject to our review.

Kohn claims to have suffered a heart attack as a result of his activities during a raid on a bar. His claim is based on Section 1 of the Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §637, which in pertinent part states:

---

[1] Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §§211.401 and 211.403.

(a) . . . any enforcement officer and investigator employed by the Pennsylvania Liquor Control Board . . . who is injured in the performance of his duties . . . and by reason thereof is temporarily incapacitated from performing his duties, shall be paid by the Commonwealth of Pennsylvania . . . his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased. All medical and hospital bills, incurred in connection with any such injury, shall be paid by the Commonwealth of Pennsylvania . . . .

As noted, Kohn, by counsel, wrote to the Liquor Control Board which ignored him. Counsel also wrote to the State Workmen's Insurance Fund which an Attorney General's opinion suggested had jurisdiction, and again received no response. The Petition for Review sounding in mandamus in our original jurisdiction asks that we either direct the respondent chairman of the Liquor Control Board to conduct a hearing with respect to the claim or order the chairman to disburse the moneys due the petitioner. It is not clear what Kohn would have us do with respect to his appeal from the Liquor Control Board's asserted adjudication by failure to respond to his letter. Without condoning the failure of either the Liquor Control Board or the State Workmen's Insurance Fund to respond to correspondence in behalf of a disabled former State employee, we agree with the respondent's argument in support of preliminary objections seeking dismissal of the petition that neither the respondent chairman nor the Liquor Control Board has power to adjudicate Kohn's claim and to order its payment by the Commonwealth.

Subsection (a) of Section 1 of the Act of June 28, 1935, *as amended,* which we have reproduced earlier provides that Kohn's claim shall be paid, if justified,

by the Commonwealth of Pennsylvania, and Subsection (d) of the same provision, 53 P.S. §637(d) says that payments "required to be made by the Commonwealth of Pennsylvania . . . on account of any enforcement officer . . . shall be from appropriations out of the State Stores Fund."

The case is ruled by our decision in *Airport Inn v. Pennsylvania Liquor Control Board,* 10 Pa. Commonwealth Ct. 362, 310 A.2d 723 (1973). There certain hotels and restaurants, claiming that the Liquor Control Board imposed an illegal mark up on wines, wrote to the Board seeking refunds. The Board responded that the claims could not be recognized by the Board. The claimants appealed the Board's answer to this Court. Although the Act of Assembly there cited appropriated money to the Liquor Control Board from the State Stores Fund for the payment of claims for refunds of moneys paid to the State Stores Fund, we held that the Board was not the proper forum for adjudicating claims which it might be the obligation of the Commonwealth to pay. We said there:

> [T]he Legislature has provided by the Fiscal Code for the adjustment and settlement of claims such as these by the Auditor General and State Treasurer, followed, if desired, by petition for resettlement, petition for review and appeal to this Court. Act of April 9, 1929, P.L. 343, §§1003, 1004, 72 P.S. §§1003, 1004. The leading case in the field concerns a claim made to the *Liquor Control Board,* refused by it, and filed with the Auditor General and State Treasurer pursuant to the cited provisions of The Fiscal Code. Merchants Warehouse Company v. Gelder et al., 349 Pa. 1, 36 A.2d 444 (1944). (Emphasis in original.)

10 Pa. Commonwealth Ct. at 366, 310 A.2d at 725.

170

ORDER

AND Now, this 19th day of July, 1977, the respondent's preliminary objections are sustained and the Petition for Review is dismissed.