Commonwealth of Pennsylvania *v.* Marco Electric Manufacturing Corporation, Appellant.

Submitted on briefs, September 30, 1977, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT.

*Alan I. Baskin,* for appellant.

*R. Scott Shearer,* Deputy Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, November 4, 1977:

Appellant, Marco Electric Manufacturing Corporation, has appealed to this Court decisions of the Board of Finance and Revenue which denied appellant's petitions for refund of penalties paid pursuant to Section 352(e) of the Tax Reform Code of 1971.[1] In connection with its appeals, appellant has filed a praecipe requesting an evidentiary hearing and has demanded a jury trial. By Order of August 5, 1977, we directed the parties to brief the question of appellant's entitlement to a jury trial in such a tax appeal. After consideration of the arguments submitted, we are of the opinion that appellant is not entitled to the jury trial demanded.

It is appellant's contention that its right to a jury trial in these appeals is conferred by Article I, Section 6, of the Pennsylvania Constitution, which provides, in pertinent part: "Trial by jury shall be as heretofore, and the right thereof remain inviolate." Appellant reasons that "taxation is a fundamental right based on common law which existed prior to our Pennsylvania Constitution and as such a trial by jury relating to a tax matter supercedes [sic] the Constitution. . . ."

With regard to Article I, Section 6, of the Pennsylvania Constitution, the Superior Court has stated:

'. . . The constitutional provision that "trial by jury shall be as heretofore, and the right thereof remain inviolate," means that in all proceedings where a jury trial was demandable at the time of the adoption of the Constitution it could not be taken away by statute, but where new proceedings are established by law the remedy afforded must not necessarily be a jury trial if there is a proper right of review before a regularly constituted judicial tribunal.'

---

[1] Act of March 4, 1971, P.L. 6, *as amended*, added by Section 4 of the Act of August 31, 1971, P.L. 382, *as amended*, 72 P.S. §7352 (e).

*Pennsylvania Public Utility Commission v. W. J. Dill-ner Transfer Co.,* 191 Pa. Superior Ct. 136, 150, 155 A.2d 429, 435 (1959).

This Court has also had occasion to examine the language of Article I, Section 6. In *Department of Environmental Resources v. Wheeling-Pittsburgh Steel Corp.,* 22 Pa. Commonwealth Ct. 280, 286, 348 A.2d 765, 768 (1975),[2] we stated:

> Our Supreme Court long has held that this language exists exclusively for the purpose of preserving jury trials as provided by common law. Van Swartow v. The Commonwealth, 24 Pa. 131 (1854). It was not intended that the Constitution extend common law jury trial. Schwab v. Miller, 302 Pa. 507, 153 A. 731 (1931). (Footnote omitted.)

While appellant is undoubtedly correct in asserting that the sovereign's right to tax antedates the Constitution of this Commonwealth,[3] appellant has not established, and, we believe, cannot establish, that a right to a jury trial in a tax appeal existed at common law. Since no such right existed at common law, appellant has no constitutional right to a trial by jury.

Nor does appellant have a statutory right to a jury trial in these appeals. The applicable statutory provisions governing appeals from decisions of the Board of Finance and Revenue contain no mention, express or implied, of any such right. *See* Section 1104 of The Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. §1104.

---

[2] *Aff'd,*   Pa.   , 375 A.2d 320 (1977). The Supreme Court, finding that our denial of a jury trial was not a final order, treated the appeal concerning the right to a jury trial as a petition for allowance of appeal, and denied such petition.

[3] *Cf. Luke* 2:1 (King James) : "And it came to pass, in those days, that there went out a decree from Caesar Augustus, that all the world should be taxed."

## ORDER

Now, November 4, 1977, appellant's demand for a jury trial in these tax appeals is hereby denied.