First National Bank, Leechburg, Pa., Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued December 6, 1978, before President Judge BOWMAN and Judges WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE and MACPHAIL. Judges CRUMLISH, JR. and CRAIG did not participate.

*Alphonsus R. Romeika,* with him, of counsel, *Romeika, Fish & Scheckter,* for appellant.

*Vincent J. Dopko,* Deputy Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., January 29, 1979:

This is an appeal by First National Bank of Leechburg (Taxpayer) from a determination of the Board of Finance and Revenue sustaining the Department of Revenue's settlement of Taxpayer's shares tax liability for the tax year as of January 1, 1970.

The parties have filed a stipulation of facts thereby dispensing with the need for a jury trial pursuant to the provisions of the Act of April 22, 1874, P.L. 109, *as amended,* 12 P.S. §688.[1] From the stipulation we make the following

### Findings of Fact

1. Taxpayer was at all times relevant hereto a banking corporation organized pursuant to the Banking Act of 1933, 12 U.S.C. §21 et seq.

---

[1] The constitutional right to jury trial "as heretofore" is now statutorily recognized, Section 5104, Judicial Code, 42 Pa. C.S. §5104, but the Act of April 22, 1874, P.L. 109, *as amended,* has been repealed effective June 26, 1980. Section 2(a), Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a)[634]. *See also Commonwealth v. Marco Electric Manufacturing Corp.,* 32 Pa. Commonwealth Ct. 360, 379 A.2d 342 (1977), which holds there is no right to jury trial in a de novo tax appeal to the Commonwealth Court.

2. On April 15, 1970, Taxpayer timely filed a Pennsylvania Shares Tax and Loan Tax Report setting forth therein the condition of the bank as of January 1, 1970, showing actual value subject to tax of $2,742,367.

3. A tax settlement was made of Taxpayer's Shares and Loan Tax Report by the Department of Revenue on August 13, 1970, and approved by the Department of the Auditor General on August 18, 1970, increasing the value subject to tax to $2,847,930.

4. (a) The settlement described above at paragraph No. 3 reflects an increase in actual value of total shares before deduction for exempt shares of stock in the amount of $105,794 which is made up of a correction in the amount of $103,125, representing a "Reserve for Declared but Unpaid Dividends," and a correction in the amount of $2,669, representing certain adjustments in securities not here in issue. The effect of applying the 75 exempt shares reduces the total increase to $105,563, comprised of $102,900 "Reserve for Declared but Unpaid Dividends" and $2,663 security adjustments.

(b) Said Settlement further reflects that it includes (did not increase) as part of actual value subject to tax, a sum in the amount of $36,298.63, which represents a "Reserve for Taxes." The Taxpayer included the said amount in its Report as actual value subject to tax, but took the position in its Petition for Refund that the said amount should not be part of the actual value subject to tax.

5. The Taxpayer was on a cash basis for accounting purposes and maintains its books on a calendar year basis.

6. The Taxpayer at a meeting of its Board of Directors on December 26, 1969, by resolution declared a cash dividend on its shares of stock which was payable on January 2, 1970.

7. Taxpayer, when it filed its Shares and Loans Tax Report, paid the sum of $28,520.62 which was 80% of the tax due at the rate of 13 mills. A payment in the amount of $1,097.80 was made on or about October 19, 1970, which was 80% of the increase per the settlement as determined by the Department of Revenue. A payment of $7,404.61, representing 20% of the tax was made prior to April 15, 1971.

8. The amount of refund claimed on appeal by Taxpayer in this Court in the herein matter is $1,-812.51 with interest.

9. Taxpayer timely filed a Petition for Refund with the Board of Finance and Revenue docketed at No. C-37037.

10. The Board of Finance and Revenue by order dated October 28, 1971, denied Taxpayer's Petition and sustained the decision of the Department of Revenue.

## Discussion

Section 1 of the taxing statute here involved, Act of July 15, 1897, P.L. 292, *as amended*, 72 P.S. §§1931, 1932, repealed by Section 705 of the Act of March 4, 1971, P.L. 93, 72 P.S. §7705 (current version found at 72 P.S. §§7701 et seq.) (commonly referred to as the Bank Shares Tax Act), provides in pertinent part:

[E]very bank or savings institution having capital stock, incorporated by or under any law . . . of the United States, and located within this Commonwealth, shall . . . make to the Department of Revenue a report in writing . . . setting forth the full number of shares of the capital stock subscribed for or issued . . . and the actual value thereof . . . which actual value shall be ascertained as hereinafter provided. . . .

The actual value of each share of stock to be ascertained and fixed by adding together the

the amount of capital stock paid in, the surplus, and undivided profits, and dividing this amount by the number of shares.

Taxpayer challenges the Department of Revenue's inclusion of two bookkeeping items labeled ''Reserve for Taxes'' and ''Reserve for Declared but Unpaid Dividends'' as assets in its computation of actual value.[2] The difficulty with Taxpayer's position stems from the fact that it utilizes cash-basis accounting methods as a general matter of course; yet seeks, on its shares tax return, to treat the two contested items in a manner consistent only with accrual accounting principles. We think the words of Judge SOHN in *Commonwealth v. First National Bank of Scranton*, 63 Dauph. 298, 305-06 (1952), *aff'd*, 378 Pa. 272, 106 A.2d 218 (1954) adequately express this Court's concern with an admixture of accounting principles such as the present case poses.

In accounting technique, there is a difference between filing reports on a 'cash' basis and on an 'accrual' basis, and markedly different results follow from the use of one method or the other. . . . Either basis of reporting is considered acceptable accounting practice, but each is distinct from the other.

. . . .

. . . The results which would flow from appellant's desire to inter-mix principles of 'cash' and 'accrual' reporting would be grossly unfair to the Commonwealth by permitting the shareholders of the bank to receive the benefit on

---

[2] Taxpayer also contends that it is entitled to interest on the amount of the refund sought in this case. Since we find the actions of the taxing authorities entirely proper with respect to the computation of taxes due no refund is owing and we therefore are not faced with this additional issue posed by Taxpayer.

December 31, . . . of a reduction in book value of shares in an amount in excess of that permitted under cash-basis reporting.

We readily recognize the validity of either accounting convention for purposes of measuring the actual value of a subject bank's capital stock, *First National Bank & Trust Co. of Bethlehem v. Commonwealth*, 11 Pa. Commonwealth Ct. 175, 312 A.2d 848 (1973) but the responsibility rests with the Department of Revenue to make that valuation, a task in which it is accorded substantial discretion. *Commonwealth v. Butler County National Bank*, 64 Dauph. 82 (1952), *aff'd*, 376 Pa. 66, 101 A.2d 699 (1954).

> [T]he test of actual value is what is a reasonable sum which will reflect the material worth of the asset. So long as the determination of actual value of an asset at a given date is based on facts and reasonable indicia of material worth, *the action of the Department of Revenue will not be disturbed.* (Emphasis added.)

*First National Bank of Scranton, supra* at 304.

In the present case the Department of Revenue determined that the treatment accorded the two reserves by Taxpayer was unjustified, a conclusion we believe wholly compatible with the Department of Revenue's authority. *Commonwealth v. Union Trust Co.*, 237 Pa. 353, 85 A. 461 (1912).

The taxing authorities, of course, may not arbitrarily assign values to a bank's assets contrary to that supplied by the bank in its shares tax return. *First National Bank & Trust Co. of Bethlehem, supra.* In the instant case Taxpayer has not demonstrated the inappropriateness of any valuation made by the Department of Revenue in the settlement of its shares tax liability; and we must therefore sustain the settlement in dispute.

## Conclusions of Law

1. The taxing authorities properly denied the attempt on Taxpayer's part to mix concepts peculiar to cash-basis and accrual accounting principles on its bank shares tax return.

2. The appeal of First National Bank of Leechburg should be dismissed for want of proof that the settlement of Taxpayer's shares tax liability in question was not based upon actual value as required by the Bank Shares Tax Act.

### ORDER

AND Now, January 29, 1979, the appeal of First National Bank of Leechburg from the decision of the Board of Finance and Revenue, dated October 27, 1971, at Docket No. C-37037 sustaining settlement of Taxpayer's shares tax liability for the tax year as of January 1, 1970, is hereby dismissed.

The Chief Clerk is hereby directed to enter judgment in favor of the Commonwealth in the amount of $37, 023.09 and mark the same satisfied upon payment of the docket costs by the Taxpayer, unless exceptions are filed within thirty (30) days of the date of this Order.