Melvin Schanz, Petitioner *v.* Commonwealth of Pennsylvania, Bureau of Correction, Respondent.

Argued March 13, 1980, before President Judge CRUMLISH and Juges ROGERS and CRAIG, sitting as a panel of three.

*John Daley, Brennan, Robins & Daley, for petitioner.*

*Francis R. Filipi,* Assistant Attorney General, with him *J. Andrew Smyser,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, June 24, 1980:

Melvin Schanz has appealed from the action of the Commissioner of the Pennsylvania Bureau of Correc-

tion (Commissioner) denying Schanz's request for wage payments under Section 1 of the Act of December 8, 1959, P.L. 1718, No. 632, as amended (Act 632) 61 P.S. §951 repealed in part not here relevant by Section 9(b)(2) of the Act of October 4, 1978, P.L. 909, and also from an action of the Director of the Bureau's Personnel Management Division (Director) dismissing Schanz for failure to report for duty.

Schanz was employed by the Pennsylvania Bureau of Correction (Bureau) as a Corrections Officer I, assigned to the State Correctional Institution at Pittsburgh. On April 9, 1974, Schanz was injured in the course of his employment while helping to restrain an inmate of the Institution. As a result, Schanz and the Bureau entered into a workmen's compensation agreement for payment for total disability. The Commonwealth of Pennsylvania paid Schanz the difference between his full pay and the amount of his workmen's compensation benefits as required under Act 632, which provides in pertinent part:

> Any employe of a State penal or correctional institution under the Bureau of Correction of the Department of Justice . . . who is injured during the course of his employment by an act of any inmate or any person confined in such institution . . . shall be paid, by the Commonwealth of Pennsylvania, his full salary, until the disability arising therefrom no longer prevents his return as an employe of such . . . institution at a salary equal to that earned by him at the time of his injury.
>
> . . . .
>
> During the time salary for such disability shall be paid by the Commonwealth of Pennsylvania any workmen's compensation received or collected for such period shall be turned over to the Commonwealth and paid into its

General Fund, and if such payment shall not be so made, the amount due the Commonwealth shall be deducted from any salary then or thereafter becoming due and owing.

On June 11, 1975, the Bureau and the State Workmen's Compensation Insurance Fund filed a Petition for Termination of Schanz's workmen's compensation benefits, alleging that as of May 30, 1975 Schanz was no longer totally disabled. All workmen's compensation payments to Schanz stopped on May 30, 1975. After a hearing, the workmen's compensation referee found that Schanz continued to be totally disabled and, in an order dated April 26, 1977, refused termination and ordered that payment of compensation benefits be made to Schanz from May 30, 1975 until the date of the decision and to continue thereafter into the future. Neither of the parties appealed from the referee's order. A lump sum payment of $11,024.00, representing the amount of compensation due Schanz from May 30, 1975 to April 26, 1977, was tendered to Schanz.

On August 14, 1975 and January 15, 1976, after the filing of the Petition for Termination but before the referee's decision was made, the Director of the Bureau demanded in writing that Schanz return to work. In response to these demands, Schanz's attorney informed the Director that Schanz was still totally disabled and would not return to work until the referee's decision in the workmen's compensation case was rendered. Schanz alleges that sometime after these demands, he was discharged from his employment by the Director.

In June, 1977, Schanz, through his attorney, sent the check for $11,024.00 to the Director of the Bureau and demanded full payment of his wages from May 30, 1975 pursuant to Act 632. After an exchange of correspondence, the Commission issued a written

determination dated April 6, 1979 informing Schanz's counsel that "I am denying your client's claim for additional benefits under Act 632."

Schanz filed a petition for review to this court, with the Bureau named as respondent, seeking to induce this court to reverse the Bureau's determinations concerning his ability to work and therefore to approve his entitlement to full salary, and also for an order directing the Bureau to reinstate Schanz in his position of Corrections Officer I, presently on disability.

At the outset, we must conclude, *sua sponte,* that we do not have jurisdiction of Schanz's application for reinstatement in his employment. His position of Corrections Officer I is in the classified service under Section 3(d)(13) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.-3(d)(13). His remedy for his alleged improper removal is by application to the Civil Service Commission. Because Schanz has not exhausted his administrative remedy, his claim for reinstatement is barred in the court.

As to Schanz's claim for salary, the Bureau contends that we lack jurisdiction because the action appealed from was not an adjudication. The Bureau cites *Kohn v. Kaplan,* 31 Pa. Commonwealth Ct. 166, 375 A.2d 1356 (1977). In *Kohn* the Pennsylvania Liquor Control Board had ignored a claim of a former Liquor Control Board employe for payments under the Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §637, an act having an effect similar to Act 632, but different wording. The claimant appealed from the action of the Liquor Control Board in failing to do anything about the claim. We held in *Kohn, supra,* that the Liquor Control Board had no power to adjudicate a claim under the Act of June 28, 1935, because the statute imposed the obligation to pay on the

Commonwealth, that the Liquor Control Board was not the proper forum for adjudicating the claim and that the proper forum was the then Board of Claims consisting of the Auditor General and State Treasurer, whose functions are now by the Act of October 5, 1978, P.L. 1104, 72 P.S. §4651-1 vested in the new Board of Claims thereby created.

As noted, in *Kohn,* the Liquor Control Board had simply ignored the claim, so that there was no adjudication.

In this case, however, pursuing the jurisdictional issue as put by the Bureau, there was clearly an adjudication, a "determination or ruling by an agency affecting . . . property rights", 2 Pa. C.S. §101, because there was a clearcut denial by the Commissioner of Schanz's wage claim. Jurisdiction to appeal an agency's final order making such an adjudication is clearly in this court under 42 Pa. C.S. §763 ("final order") and 2 Pa. C.S. §702 ("adjudication"). Moreover, our jurisdiction is applicable even if the adjudication is, as will be seen below, defective or improperly made.

Significantly, the Bureau here has raised no question as to its *power* to make the adjudication. The Bureau cites *Kohn,* which, as noted above, held only that the Liquor Control Board had no such power under the other statute. However, the Bureau presents no authority for the proposition that the Bureau lacks power to make an adjudication under Act 632. Schanz's counsel has directed our attention to written procedures of the Bureau whereby the Bureau flatly expresses the proposition that it has the power to make decisions under Act 632. Those written procedures declare that "the Commissioner of Corrections is vested with the authority to determine eligibility for and to approve an employe's entitlement to the benefits of Act 632." And they establish a Review

Committee with the duty "to determine whether the injury and disability arising therefrom entitle the employe to the benefits of Act 632 and to make appropriate recommendations . . . [to] the Commissioner."

Because Act 632 mentions the Bureau of Corrections, among others, as an agency whose employees may have entitlement, but does not identify any agency as to deciding entitlement, we find guidance as to Act 632 only in *Krug v. Department of Public Welfare,* 9 Pa. Commonwealth Ct. 563, 308 A.2d 168 (1973) where a unanimous opinion by President Judge Crumlish for the court en banc reversed the Department of Public Welfare under the same Act 632, where that department had, like the Bureau here, made an adjudication. Although no jurisdictional question was raised in *Krug,* nor in *Trumpikas v. Department of Public Welfare,* 50 Pa. Commonwealth Ct. 182, 412 A.2d 218 (1980), where we recently affirmed an adjudication by the Department of Public Welfare under Act 632, the pattern tacitly approved in those two cases as to Act 632 in particular, consistent with the Bureau's own administrative interpretation of Act 632 as to its adjudicative role, leads us to conclude that (1) the Bureau has power to adjudicate a claim under Act 632, and (2) there was an adjudication by the Bureau here, so that (3) we do have jurisdiction to review that denial of Schanz's Act 632 claim by the Bureau.

However, as to that Act 632 claim we are unable to accept the principal substantive position of petitioner in this case that the approval of his workmen's compensation claim by the workmen's compensation authorities is *res judicata* as to the issues of his Act 632 claim and therefore conclusive as to the merits of his latter claim. We agree with the Bureau that the decision of the workmen's compensation authori-

ties within their jurisdiction is not conclusive as to the criteria of Act 632, turning upon whether the employee has been injured "by an act of any inmate" or whether the disability "prevents his return as an employee of such department . . . at a salary equal to that earned by him at the time of his injury." 61 P.S. §951.

Therefore, we are required to resolve this appeal, not by treating the workmen's compensation decision as *res judicata* and pre-emptive, but by reviewing the adjudication of the Bureau.

However, in attempting to do so, we are thwarted by the absence of a record to review because the Bureau here has held no hearing on the claim, in contrast to the hearings on Act 632 claims afforded by the Department of Public Welfare in *Krug* and *Trumpikas, supra*. We note 2 Pa. C.S. §504, which provides that:

> No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings.

Hence, we must issue an order remanding this case to the Bureau for a hearing pursuant to which a proper determination of the Act 632 claim may be made.

### ORDER

AND Now, this 24th day of June, 1980, insofar as the petition for review seeks an order of this court for reinstatement of the petitioner, it is dismissed; and insofar as the petition for review is an appeal from the determination of the Commissioner of the Bureau of Correction dated April 6, 1979, that determination is reversed and the matter is remanded to the Bureau

of Correction with directions to conduct a hearing to determine petitioner's claim, in accordance with our opinion.