Jean Chudd, Executrix of the Estate of Abraham Pilzer, Appellant v. City of Philadelphia and Board of Pensions and Retirement of the City of Philadelphia, Appellees.

Argued December 16, 1982, before Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Michael Silver,* with him *Thomas F. McDevitt,* for appellant.

*Joseph C. Crawford,* with him *Jill A. Douthett,* Deputy City Solicitor, *Jack B. Katz,* Assistant City Solicitor, and *Alan J. Davis,* City Solicitor, for appellees.

OPINION BY JUDGE CRAIG, February 8, 1983:

Abraham Pilzer, by his executrix,[1] appeals from a Philadelphia Court of Common Pleas order dismissing his petition for review as untimely filed.[2] That petition had challenged the Philadelphia Pensions and Retirement Board's refusal to adjust the final salary figure upon which the board calculated Mr. Pilzer's disability pension. We vacate and remand.

---

[1] On October 22, 1982, the attorney for Mr. Pilzer filed a Suggestion of Death and Substitution of Personal Representative which states that Mr. Pilzer died on April 2, 1982, and that on April 14, 1982, the Register of Wills of Philadelphia County granted Letters Testamentary upon his estate to Jean Chudd.

[2] The common pleas court dismissed Mr. Pilzer's petition for review under 42 Pa. C. S. §5571(b) which provides:

> (b) Except as otherwise provided in subsection (a) and (c), an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within thirty days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order.

In denying Mr. Pilzer's petition, the court permitted him to pursue other appropriate remedies available at law or equity.

Mr. Pilzer was the executive director of the board until January 31, 1978, the effective date of his retirement. Later that year, in December of 1978, the board awarded him a service-connected disability pension retroactive to February 1, 1978; in accordance with section 206.3 of Philadelphia's retirement system ordinance,[3] that pension was to equal seventy percent of $27,500, the final salary amount actually paid to him.

As both parties concede in their briefs, approximately four months after Mr. Pilzer's retirement on January 31, 1978, the board increased the executive directorship salary from $27,500 to $37,500.

Through his attorney, Mr. Pilzer wrote to the board on November 9, 1979, claiming that it had made the salary increase retroactive to January 1, 1978, thirty days before the effective date of his retirement, and that he therefore was entitled to a pension based upon $37,500 as final compensation. The letter vaguely indicated that Mr. Pilzer had only learned of the retroactive nature of the salary increase in late 1979, based upon a conversation he had with a board employee.

The board did not respond to Mr. Pilzer's letter. On November 5, 1980, he filed a petition for review with the common pleas court claiming, among other things, that the board had made the directorship salary increase retroactive to January 1, 1978; the

---

[3] Section 206.3 provides in pertinent part:
Upon retirement for a service-connected disability, an employee ... shall receive the total contributions paid by him to the retirement system ordinance, and an annual retirement benefit equal to seventy percent of his final compensation....
Section 201.1(s) of the ordinance defines final compensation as: The annual regular rate of compensation received by a member at the time of termination of employment....

board denied Mr. Pilzer's averment, stating that it had increased only the salary of his successor.

Although Mr. Pilzer's counsel captioned the action as a petition for review before the common pleas court and labeled it as a "petition for review in equity" in his brief before our court, the petition itself states that it is an action "on assumpsit." The relief requested of the common pleas court was to enter judgment against the board and order payment of all pension and salary benefits allegedly owed to Mr. Pilzer.

In any event, faced with such an unclear pleading, the common pleas court understandably considered Mr. Pilzer's petition for review to be an appeal and ruled that, because he sought to raise issues in November of 1980 which should have been raised when the board had awarded his disability pension in December of 1978, the appeal was untimely.

The court may have reasoned that, because the board increased the executive directorship salary in the spring of 1978, approximately six months before it awarded Mr. Pilzer his disability pension, he also must have known before December 1978 that the board had made the salary increase retroactive to a time when he was still executive director. That factual point, however, has not been established of record.

The letter requesting recomputation of Pilzer's pension was based upon information he allegedly received in 1979 which indicated that the board may have made the salary increase of spring 1978 retroactive to a time when he was still executive director. We note, however, that in the spring of 1978 Mr. Pilzer was no longer an employee of the board; thus, although he may have known of the salary increase, he may not have been in a position to know the date from which the increase was to be effective.

Without some record establishing when Mr. Pilzer learned about the retroactive nature of the salary in-

crease, we cannot agree with the common pleas court that the Pilzer action should be dismissed as a failure to appeal the board's December 1978 award within thirty days, as required by 42 Pa. C. S. §5571(b).

Nor can we agree with the alternative contention of Pilzer's counsel that the common pleas court, under appellate jurisdiction, 42 Pa. C. S. §706,[4] could have ordered an increase in his pension because the board allegedly violated his notice and hearing rights under section 553 of the Local Agency Law, 2 Pa. C. S. §553 (the Law).[5]

Section 752 of the Law, 2 Pa. C. S. §752, provides that any person aggrieved by, and with a direct interest in, a local agency adjudication may appeal that adjudication to a court vested with jurisdiction under Title 42. *Cf. Groman v. Officers' and Employees' Pension Board*, 69 Pa. Commonwealth Ct. 447, 449-50, 451 A.2d 789, 790 (1982) (City of Bethlehem's pension board a local agency).

Pennsylvania's consolidated statutes, 2 Pa. C. S. §101, define "adjudication" as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made."

---

[4] 42 Pa. C. S. §706 provides:

An appellate court may affirm, modify, vacate, set aside or reverse any order brought before it for review, and may remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances.

[5] Section 553 provides in pertinent part:

No adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard.

Here, there was no adjudication by the board; it simply ignored Mr. Pilzer's request for recomputation. *Compare Kohn v. Kaplan*, 31 Pa. Commonwealth Ct. 166, 375 A.2d 1356 (1977) (no adjudication when Pennsylvania Liquor Control Board ignored former employee's salary claim) *with Schanz v. Pennsylvania Bureau of Correction*, 52 Pa. Commonwealth Ct. 300, 415 A.2d 978 (1980) (adjudication exists with clearcut denial of wage claim via letter).

In going to the common pleas court, Mr. Pilzer was seeking, at the least, that the board respond to his demand for a pension adjustment under section 120.1 of Philadelphia's retirement ordinance, which provides:

> Should any member or beneficiary receive from any Subdivision of the retirement system more or less than he is entitled to receive, the Board, on the discovery of any such error, shall correct such error and, so far as practicable, shall adjust the payments which may be made for and to such person and shall also be authorized to recover such excess payment including the right to make deductions from future benefits.

Because the board thus has a clear duty at least to decide an adjustment request, Mr. Pilzer's remedy is in mandamus. *See, e.g., Roberts v. Office of Administration*, 30 Pa. Commonwealth Ct. 19, 23, 372 A.2d 1233, 1235 (1975) (where agency refuses to hear merits of grievance, ruling merely that grievance procedures unavailable to particular individual, action is not an adjudication; grievant's remedy in mandamus).

That being the case, the common pleas court should not have dismissed Mr. Pilzer's cause of action but rather, under 42 Pa. C. S. §708(b),[6] should have

---

[6] 42 Pa. C. S. §708(b) provides:

(b) Appeals. — If an appeal is improvidently taken to a court under any provision of law from the determination of a government unit where the proper mode of relief is an action in the nature of equity, mandamus, prohibition,

treated the papers which he filed as a complaint in mandamus seeking enforcement of his ordinance-granted entitlement to a pension adjustment decision, pursuant to such hearing as is necessary for an adjudication of the claim.

We will vacate the dismissal and order a remand accordingly, recognizing, of course, that the fact-finding process may be complicated in view of Mr. Pilzer's death after this case began.

ORDER

Now, February 8, 1983, the order of the Court of Common Pleas of Philadelphia County, No. 552, is hereby vacated and this case remanded with the directions (1) that the petition filed in this case be regarded and acted on as a complaint in mandamus commenced against the Philadelphia Board of Pensions and Retirement, and (2) that the board is ordered to adjudicate Abraham Pilzer's pension readjustment request, pursuant to a hearing held by it to determine the facts.

---

quo warranto or otherwise, this alone shall not be a ground for dismissal, but the papers whereon the appeal was taken shall be regarded and acted on as a complaint or other proper process commenced against the government unit or the persons for the time being conducting its affairs and as if filed at the time the appeal was taken.