Laura E. D'Eletto, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs February 2, 1983, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Joel Persky,* with him *Cornelia Griffin Farmer, Baskin and Sears, P.C.,* for petitioner.

*James S. Marshall,* Assistant Counsel, for respondent.

Opinion by President Judge Crumlish, Jr., August 8, 1983:

Laura D'Eletto appeals a Department of Public Welfare (DPW) decision terminating her disability benefits. We affirm.

D'Eletto, a Western Center employee,[1] was kicked in the spine by a patient on June 4, 1975. She received benefits under Act 534[2] from July 20, 1975, until February 25, 1978, when the DPW suspended the payments because D'Eletto refused to be examined by a DPW-selected physician. On appeal, the hearing examiner restored her benefits but the Director of the Office of Hearings and Appeals conditioned the restoration upon her being examined.

We will sustain a DPW adjudication if it is in accordance with the law and is supported by substantial evidence. *Krug v. Commonwealth,* 9 Pa. Commonwealth Ct. 563, 308 A.2d 168 (1973).

Because D'Eletto refused to submit to a requested medical examination as required by §8453.561[3] of the

---

[1] Western Center is a state mental health facility in Canonsburg, Pennsylvania.

[2] The Act of December 8, 1959, P.L. 1718, *as amended* (Act 534), 61 P.S. §951, which provides that employees of state mental hospitals shall be compensated when they are disabled as a result of the acts of hospital patients.

[3] Section 8453.561 of the Department of Public Welfare Manual, 7 Pa. Bull. 1485 (1977), states in relevant part:

If, in the opinion of the superintendent/executive director, the review of medical records indicates an impartial examination by a medical or psychiatric consultant would be of value in determining eligibility for benefits under the provisions of Act 534, they are authorized to select a consultant and arrange an appointment for the

DPW manual, the Director concluded that, as a matter of law, D'Eletto was ineligible to receive further benefits. This decision was not inconsistent with any fact-finding of the hearing examiner. The director stopped the benefits because D'Eletto had violated departmental regulations, not because he believed her disability had ended.[4]

Notwithstanding her refusal, D'Eletto argues that the DPW was precluded from terminating her benefits because she had established an "authorized status" within the meaning of §8453.57(c).[5] She claims that, because she had undergone a previous independent medical examination and because both the DPW's Hearing Examiner and a Workmen's Com-

employee, and a copy of their findings shall be forwarded to the office of manpower, attention employee services coordinator. . . .

[4]Since the Director did not reject the Hearing Examiner's recommendation for evidentiary reasons related to D'Eletto's disability, D'Eletto's argument that the DPW did not meet its burden of proof is without merit.

[5] Section 8453.57 of the DPW Manual reads as follows:

If an employee fails to provide a doctor's certificate monthly or on the requested date, or to return to employment when capable of doing so, or fails to respond to official correspondence the following procedure shall be followed:

a. Withhold salary check for no more than two pay periods.

b. By certified mail (return receipt requested), the employee will be advised that salary checks are being withheld and the reason therefor.

c. Terminate the benefits of Act 534 retroactive to the appropriate date unless the employee establishes an authorized status. The employee will be so informed, see appendices IV, V, VI, and VII.

Verbal allegations by the employee cannot be accepted in the absence of supportive medical evidence of the employee's disability.

pensation referee had declared her disabled, the Director could not terminate her benefits. This interpretation of "authorized status" is clearly incorrect, as it would nullify the department's ability under §8453.561 to require special medical examinations. To maintain or regain authorized status, an employee must comply with *all* of the DPW's regulations in a timely manner.

The Director was acting within his scope of authority when he terminated D'Eletto's benefits, and there was substantial evidence to support his order. Because his decision was based on procedural violations and not on evidentiary questions, we need not consider D'Eletto's collateral estoppel argument.

Affirmed.

ORDER

The decision and order of the Department of Public Welfare dated March 31, 1981, is affirmed.