## Clark v. Lancaster City Housing Authority

*James J. Kutz,* for plaintiff.
*Michael A. Moore,* for defendants.

PEREZOUS, *J.,* March 4, 1992—Before the court are the preliminary objections of the defendants, Thomas L. Harkless and the Lancaster City Housing Authority, to the complaint of plaintiff, Michael C. Clark. The preliminary objections are in the nature of a motion to strike and a demurrer. Briefs have been filed and oral argument is denied; thus, the motion is ready for disposition. For the reasons expressed below, defendants' objections will be sustained.

Plaintiff seeks an award of compensatory and punitive damages against defendants for alleged violations of the Pennsylvania Whistleblower Law, 43 P.S. §1421 et seq., and for defendants' alleged wrongful discharge of plaintiff, which discharge plaintiff claims was in violation of public policy as well as in violation of plaintiff's constitutional rights under 42 U.S.C. §1983. Plaintiff has made a demand for a jury trial under the Whistleblower Law, 43 P.S. §1421 et seq.

The Pennsylvania Constitution does not expressly guarantee the right to a jury trial in proceedings involving the Whistleblower Law. The Constitution of this Commonwealth, however, does provide that "[t]rial by jury shall be as heretofore, and the right thereof remain inviolate." Pennsylvania Constitution, Article I, §6. Our Supreme Court has steadfastly pronounced that the term "heretofore" intends to preserve rights existing when our Commonwealth adopted its original Constitution. *Byers and Davis v. Commonwealth,* 42 Pa. 89 (1862). We are aware that our Constitution mandates a jury trial in every case where one would have been so entitled at the time the Constitution of

1790 was adopted. *William Goldman Theatres v. Dana,* 405 Pa. 83, 173 A.2d 59 (1961), *cert. denied,* 368 U.S. 897, 82 S.Ct. 174, 7 L.Ed. 2d 93 (1961). Further, jury trials are not available in proceedings created by statute unless the proceeding has a common law basis or unless the statute expressly or impliedly so provides. *Murphy v. Cartex Corp.,* 377 Pa. Super. 181, 192, 546 A.2d 1217, 1222 (1988); see also *Watson Appeal,* 377 Pa. 495, 105 A.2d 576 (1954). *cert. denied,* 348 U.S. 879, 75 S.Ct. 120, 99 L.Ed. 692 (1954); *Pennsylvania Public Utility Commission v. W.J. Dillner Transfer Co.,* 191 Pa. Super. 136, 149, 155 A.2d 429, 435 (1959); *Commonwealth v. Marco Electric Manufacturing Corp.,* 32 Pa. Commw. 360, 379 A.2d 342 (1977).

The Whistleblower Law involves a statutory remedy passed by the legislature in 1986. As such, the Law and the rights it confers were nonexistent at the time the Pennsylvania Constitution was adopted. Therefore, no right to a jury trial existed which the Constitution could preserve.

Having concluded that plaintiff has no constitutional right to have a jury hear a violation of the Whistleblower Law, we also find as a matter of statutory interpretation that the legislature did not intend to provide a right to demand a jury trial in Whistleblower Law violations brought in courts of common pleas. When ascertaining legislative intent, courts must consider the entire statute and avoid according an individual provision an interpretation which does not take into account related sections of the same statute. 1 Pa.C.S. §1921(a); *Murphy, supra* at 193, 546 A.2d at 1223; *Causer v. Mandarino,* 338 Pa. Super. 564, 488 A.2d 36 (1985). Section 1425, *Enforcement,* of the Whistleblower Law declares that:

"A court, in rendering a judgment in an action brought under this act, shall order, as the court considers appropriate, reinstatement of the employee, the payment of back wages, full reinstatement of fringe benefits and seniority rights, actual damages or any combination of these remedies. A court may also award the complainant all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, if the court determines that the award is appropriate." 43 P.S. §1425. (emphasis added)

This court finds instructive that the Whistleblower Law never refers to a jury decision, but rather to the decision of the trial court. Thus, because the right to a jury trial in a claim for violation of the Whistleblower Law is not provided for in the statute, implied by its legislative history or intent, expressly guaranteed by the Constitution or based in common law, we conclude that no such right exists in the present case.

Defendants next demur to Count II of the complaint, claiming damages for wrongful discharge, as it fails to state a cause of action for which relief may be granted.

This court is guided by well established principles when ruling upon the sufficiency of a demurrer. A demurrer admits every well-pleaded material fact set forth in the pleadings to which it is addressed, as well as all inferences which reasonably follow therefrom. *Smith v. Wagner,* 403 Pa. Super. 316, 588 A.2d 1308 (1991); *Buchanan v. Brentwood Fed. S&L Assn.* 457 Pa. 135, 320 A.2d 117 (1974), *appeal after remand, Buchanan v. Century Fed. S&L Assn.* 259 Pa. Super. 37, 393 A.2d 704 (1978). Moreover, such a preliminary objection can be sustained only where it appears with certainty that the court will not permit recovery by

the plaintiff upon the facts pleaded. *Village at Camelback v. Carr,* 371 Pa. Super. 452, 458, 538 A.2d 528, 531 (1988), *affirmed,* 524 Pa. 330, 572 A.2d 1 (1990).

Since the late 1800s[*] this Commonwealth has recognized that absent specific statutory or contractual provisions to the contrary, an employee is considered to be an at-will employee and either party may terminate such an employment relationship for any reason or for no reason at all. *Geary v. U.S. Steel Corp.,* 456 Pa. 171, 175, 319 A.2d 174, 176 (1974); *Paul v. Lankenau Hospital,* 524 Pa. 90, 94, 569 A.2d 346, 348 (1990); *DiBona Ventura v. Consolidated Rail Corp.,* 372 Pa. Super. 420, 423, 539 A.2d 865, 867 (1988); *Hershberger v. Jersey Shore Steel Co.* 394 Pa. Super. 363, 368, 575 A.2d 944, 947 (1990). Therefore, as a general rule, there is no common law cause of action for termination of an at-will employment relationship. *Geary, supra* at 174, 319 A.2d at 180; *Lankenau Hospital, supra* at 95, 569 A.2d at 348; *Clay v. Advanced Computer Applications,* 522 Pa. 86, 89, 559 A.2d 917, 918 (1989).

Implicit in the, *Geary* holding, however, is that an employee at will can maintain a wrongful discharge action where a clear mandate of public policy has been violated by the termination. In fact, since *Geary,* at-will employees have been afforded the opportunity to prove in court claims for arbitrary and retaliatory discharge in certain instances.

Plaintiff seeks to have us extend coverage of this judicially created protection and declare the cause of action available to civil service employees who are otherwise protected from wrongful discharge by the

---

* See *Henry v. Pittsburgh & Lake Erie Railroad Co.,* 139 Pa. 289, 21 A. 157 (1891).

Civil Service Law, 71 P.S. §741.1 et seq. This we decline to do.

It is well established in this Commonwealth that employment with the government is not a matter to which one has a per se right and, if an employee is entitled to employment, the source of the entitlement must normally be legislative or contractual in nature. *Novak v. Commonwealth,* 514 Pa. 190, 193, 523 A.2d 318, 319-20 (1987).

Instantly, plaintiff fails to plead that he had a contract of employment with defendant Lancaster Housing Authority or that he was an at-will employee. Accordingly, he cannot prevail on this claim for wrongful discharge.

The Supreme Court's decision in *Geary* was clearly concerned with the protection of "corporate personnel in the areas of employment not covered by labor agreements." *Geary, supra* at 181, 319 A.2d at 179. The court's purpose was thus to provide a remedy for employees with no other recourse against wrongful discharge.

Plaintiff and all like situated employees are not without recourse when faced with indiscriminate discharge even when the discharge violates public policy. The Civil Service Law, 71 P.S. §741.807 provides protection against suspension or discharge except for "just cause." Surely, in pursuing a grievance under the sections of the statute, if plaintiff can show that his discharge was in retaliation for providing information and a "good faith" report in which he advised of certain wrongdoing of defendant Harkless, he will have proved that his discharge was not for "just cause." It would appear, therefore, that plaintiff will then be entitled to remedies provided in the statute. Further, the remedy of an employee for his alleged improper removal is by application to the civil service commission and, in the absence

of exhaustion of his administrative remedy, the employees's claim for reinstatement is barred in the Commonwealth Court. *Schanz v. Commonwealth, Bureau of Correction,* 52 Pa. Commw. 300, 415 A.2d 978 (1980).

Therefore, because the wrongful discharge action in Pennsylvania was judicially created to protect otherwise unprotected employees from indiscriminate discharge and to provide unorganized workers a legal redress against improper actions by their employers, we hold that an action for the tort of wrongful discharge is available only when the employment relationship is at will. *Phillips v. Babcock & Wilcox,* 349 Pa. Super. 351, 503 A.2d 36 (1986).

Accordingly, we enter the following

## ORDER

And now, March 4, 1992, upon consideration of defendants' preliminary objections, together with the legal briefs in support and opposition, it is hereby ordered and decreed that defendants' preliminary objections are sustained and plaintiff's complaint is dismissed.