647 A.2d 956

**James E. NEARHOOD, Sr., Petitioner,**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 14, 1994.

Decided July 7, 1994.

Publication Ordered Sept. 14, 1994.

Darrell C. Dethlefs, for petitioner.

Myra W. Sacks, for respondent.

Before DOYLE, FRIEDMAN, JJ., and DELLA PORTA, Senior Judge.

DOYLE, Judge.

James E. Nearhood, Sr. appeals from an order of the Secretary of the Department of Public Welfare (DPW) which affirmed a decision of DPW's Office of Hearings and Appeals (OHA) denying him benefits under the Act of December 8,

1959, P.L. 1718, *as amended,* 61 P.S. § 951, commonly referred to as Act 534.[1]

Nearhood was employed at DPW's Loysville Youth Development Center (LYDC),[2] where he supervised delinquent minors. On June 14, 1992, Nearhood fell in the course of his employment and injured his lower back. The accident occurred when, upon hearing a student call out, Nearhood turned quickly and fell to the floor. Thereafter, DPW filed a notice of compensation payable and, on June 22, 1992, Nearhood began to receive workers' compensation benefits.

Prior to the injury at issue in this case, Nearhood had sustained another work-related injury to his back and right knee when, on March 24, 1992, he attempted to restrain a student. As a result of that injury, Nearhood received workers' compensation benefits from March 24, 1992 to April 13, 1992, when he returned to work. Nearhood also alleges that, on May 13, 1992, his back was injured when he attempted to restrain another student. Nearhood claims that he developed a lump on his back and experienced pain from that injury, although he continued to work until he was disabled by the June 14, 1992 injury.

Nearhood filed a request with DPW for full salary benefits under Act 534 which DPW denied on August 20, 1992. He appealed that decision and a hearing was conducted before a DPW hearing examiner. At the hearing, Nearhood argued that he was eligible for Act 534 benefits because (1) he was injured by a student, and (2) his June 14, 1992 injury was the

1. Act 534 provides full salary benefits to employees of prisons, mental hospitals, and youth development centers, where Nearhood worked, who are injured by the act of an inmate or any person confined in one of those institutions. An earlier version of Act 534 provided full salary benefits only to prison employees injured by the acts of inmates. However, Act 534 was expanded in 1961 to include employees of DPW who work in mental hospitals and youth development centers. *See Wertz v. Department of Corrections,* 148 Pa.Commonwealth Ct. 133, 609 A.2d 899 (1992).

2. A youth development center is a facility designed "for the rehabilitation of delinquent minors who require care, guidance, and control." Section 341 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. § 341.

result of his two prior injuries, which were both caused by students. The hearing examiner, however, determined that Nearhood was ineligible for Act 534 benefits and recommended to OHA that his appeal be dismissed. The hearing examiner rejected Nearhood's argument that he was injured by a student and determined that he was injured by his own action of turning and falling. Further, the hearing examiner concluded that, even if Nearhood's June 14, 1992 injury was related to his previous injuries, the June 14, 1992 injury was an aggravation of those injuries and, therefore, constituted a new injury not caused by the act of a student.

On March 25, 1993, OHA issued an order adopting the hearing examiner's recommendation to deny benefits.[3]

On appeal, Nearhood contends that he is eligible for Act 534 benefits because (1) his injury was the result of an act of a student, and (2) because the June 14, 1992 injury was related to his two prior injuries which were both caused by students.

■ In Act 534, the General Assembly, recognizing the obvious physical hazards faced by employees who supervise potentially dangerous persons, provided full salary benefits to employees injured by those individuals. *Hardiman v. Department of Public Welfare*, 121 Pa.Commonwealth Ct. 120, 550 A.2d 590 (1988). Act 534 reads, in pertinent part:

Any employe of a State penal or correctional institution under the Bureau of Correction of the Department of Justice and any employe of a State mental hospital or Youth Development Center under the Department of Public Welfare, *who is injured during the course of his employment by an act of any inmate . . . . or by any person who has been committed to such institution* . . . shall be paid, by the Commonwealth of Pennsylvania, his fully salary, until the disability arising therefrom no longer prevents his return as an employe. . . .

3. Nearhood filed a petition for reconsideration of OHA's order which the Secretary granted. After reviewing the record, the Secretary issued a final order upholding OHA's March 25, 1993 order. This appeal followed.

61 P.S. § 951 (emphasis added). Not all injuries suffered by employees at the above institutions are covered by Act 534; the only injuries covered are those caused by the "act" of an inmate or person committed to such an institution. *Krug v. Department of Public Welfare,* 9 Pa.Commonwealth Ct. 563, 308 A.2d 168 (1973).

■ Nearhood argues that he is entitled to benefits under Act 534 on the basis that a student's yell constituted an "act" that resulted in his injury. We disagree. The record shows that a student called out and that Nearhood reacted to that sound by turning quickly. There is no question that Nearhood was injured in the course of his employment and is entitled to workers' compensation benefits, but it is also clear from the record that the act which directly caused Nearhood's injury was his own act (turning quickly and falling to the floor), not the act of a student incarcerated at LYDC. The causal connection between the student's yell and Nearhood's injury is, in our view, too tenuous to conclude that Nearhood was injured by "an act of any inmate" and, therefore, the Secretary correctly determined that Nearhood was not eligible for Act 534 benefits.[4]

■ Nearhood, however, argues that his June 14, 1992 injury is compensable under Act 534, because it is connected to his prior work-related back injuries which were caused by the acts of students confined in LYDC. He asserts that his weakened back was a substantial factor in causing his June 14, 1992 injury, and, therefore, he is eligible for Act 534 benefits. However, in order to meet his burden of proving that his present injury was related to his prior back injuries, Nearhood was required to produce unequivocal medical evidence to establish a causal relationship between those injuries and his June 14, 1992 injury. *Trumpikas v. Department of Public*

---

**4.** We note that Nearhood filed reports regarding his injury with DPW which contradict his contention here that he was injured by the act of a student. In an incident report Nearhood explained that his fall was caused by "hitting his shoe against the wall." Also, in an employee statement concerning his injury, Nearhood maintained only that he heard a loud noise and fell the floor, and, most important, he indicated in that statement that a student did not cause his injury.

*Welfare,* 50 Pa.Commonwealth Ct. 130, 412 A.2d 218 (1980). Our review of the record reveals that Nearhood failed to produce any medical evidence connecting his June 14, 1992 injury to his prior injuries. While he did introduce into evidence a medical report by Dr. Robert Green, this report merely describes Nearhood's symptoms; Dr. Green never opined in that report that Nearhood's injury was related to a previous work injury.

Accordingly, the order of the Secretary is affirmed.

### ORDER

NOW, July 7, 1994, the order of the Secretary of the Department of Public Welfare in the above-captioned matter is hereby affirmed.