527 A.2d 1087

Mary Lightcap, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, (Ebensburg Center), Respondent.

Argued October 6, 1986, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Richard J. Russell,* for petitioner.

*Howard Ulan,* Chief Counsel, with him, *Helga L. Kumar* and *James S. Marshall,* Assistant Counsels, for respondent.

OPINION BY JUDGE PALLADINO, June 24, 1987:

This is an appeal by Mary Lightcap (Lightcap) from a final order entered by the Department of Public Wel-

fare (DPW) adopting a recommendation of an attorney examiner who calculated the benefits of Lightcap pursuant to Act 534.[1]

The facts are not in dispute. On November 16, 1979, Lightcap was injured in the course of her duties while employed at the Ebensburg Center operated by DPW. Lightcap's claim for injuries was initially treated as a workmen's compensation claim. Lightcap, however, had requested to receive benefits under Act 534. By decision dated November 3, 1982, DPW denied this request and Lightcap appealed to the Office of Hearings and Appeals. After a hearing, a hearing officer found that Lightcap had been injured by an "act of a patient" which rendered her claim compensable under Act 534. On April 1, 1983, the Office of Hearings and Appeals issued a final decision determining that Lightcap's injury was compensable under Act 534. Subsequently, DPW calculated benefits due Lightcap under Act 534 and credits for workmen's compensation and other benefits received by Lightcap.

It is not disputed that Lightcap was absent from employment with DPW for a total of 582 days. During the period of disability, Lightcap received $15,960.70 in workmen's compensation benefits. In addition, Lightcap received $3,985.10 in work-related disability leave benefits (WRDL) pursuant to a collective bargaining agreement[2] and was paid for 139.4 days of accumulated

---

[1] Act of December 8, 1959, P.L. 1718, *as amended*, 61 P.S. §§951 and 952.

[2] The WRDL benefits received by Lightcap were pursuant to the contract between the Commonwealth of Pennsylvania and the American Federation of State, County and Municipal Employees. The attorney examiner concluded, and Lightcap does not dispute, that had Lightcap not sustained an Act 534 injury she would have been entitled to the WRDL payments under Article 27 of the contract.

leave-time following the expiration of WRDL payments. Act 534 benefits were calculated on the basis of a constant $40.875 per day for the 582 days of absence. This figure was derived from the hourly rate of pay which Lightcap received *at the time of injury.* However, as of July 1, 1980, had Lightcap not been injured, her hourly wage would have increased to $5.75 per hour and would have further increased to $6.21 per hour on July 1, 1981 and $6.71 per hour on July 1, 1982. The WRDL benefits received by Lightcap incorporated these contractual pay raises.

DPW calculated an overpayment of $1,168.98 as a result of the payment of workmen's compensation and WRDL payments credited against Act 534 liability. DPW also took a full credit for the 139.4 days of accumulated leavetime paid to Lightcap.

Lightcap challenged DPW's calculations and a hearing was held before an attorney examiner. The attorney examiner accepted DPW's calculation of wages under Act 534 as being properly based on the amount Lightcap earned at the time of injury. In response to Lightcap's assertion that she should be entitled to accumulated leave during the period she was receiving Act 534 benefits, the attorney examiner concluded that an injured employee may not accrue sick leave, vacation leave, personal leave time or holiday time.

With respect to credits taken by DPW against its Act 534 liability, the attorney examiner allowed DPW's credit for the $15,960.70 of workmen's compensation and $3,985.10 of WRDL benefits paid to Lightcap. The attorney examiner found that at the outset of her disability, Lightcap had accumulated annual leave of 63.25 days; 64.65 days sick leave; 2.5 personal days and 9 holidays. Lightcap was paid for these 139.4 days of accumulated leave following the expiration of WRDL benefits. As to DPW's credit for these 139.4 days paid

to Lightcap, the attorney examiner allowed DPW to off-set, against its Act 534 liabilities, 45 days of annual leave and 64.65 sick days. Lightcap's leave account was to be credited for these days because DPW personnel rules provided for an accumulation of 45 days of annual leave and 64.65 sick days. However, the attorney examiner disallowed a credit for Lightcap's personal leavetime and holidays.

Lightcap appealed to the Office of Hearings and Appeals which adopted the recommendation of the attorney examiner in its entirety. On appeal to this court[3] Lightcap asserts that 1) DPW erred in excluding contractual pay raises from its calculation of salary due under Act 534; 2) she should have been permitted to accumulate sick leave, vacation leave, personal leave and holiday leave time; and 3) DPW erred in allowing a credit against Act 534 benefits for exhaustible benefits received by Lightcap while awaiting an outcome on her Act 534 claim.

Act 534 was designed to assure those who undertake employment in certain state institutions that they would be fully compensated in the event they were disabled as a result of an act of a patient. *Krug v. Department of Public Welfare,* 9 Pa. Commonwealth Ct. 563, 308 A.2d 168 (1973). Further, the benefits provided by Act 534 "supplement the compensation and payment of medical/hospital bills authorized by an employee under the Pennsylvania Workmen's Compensation Act."[4] *Boughter v. Department of Public Welfare,* 55 Pa. Commonwealth Ct. 521, 522-523, 423 A.2d 806, 808 n. 1 (1980).

---

[3] An adjudication of DPW will be sustained if it is in accordance with the law and is supported by substantial evidence. *Krug v. Department of Public Welfare,* 9 Pa. Commonwealth Ct. 563, 308 A.2d 168 (1973).

[4] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1603.

Section 1 of Act 534 provides in pertinent part:
Any employe . . . of a State mental hospital or Youth Development Center under the Department of Public Welfare, who is injured during the course of his employment by an act of any inmate or any person confined in such institution . . . shall be paid, by the Commonwealth of Pennsylvania, his full salary, until the disability arising therefrom no longer prevents his return as an employe of such department, board or institution at a salary equal to that earned by him at the time of his injury.

. . .

During the time salary for such disability shall be paid by the Commonwealth of Pennsylvania any workmen's compensation received or collected for such period shall be turned over to the Commonwealth and paid into the General Fund, and if such payment shall not be so made, the amount so due the Commonwealth shall be deducted from any salary then or thereafter becoming due and owing.

61 P.S. §951.

As to the salary determination, Lightcap asserts that she had a right to receive contractual increases in salary which she would have been entitled to but for the injury. Lightcap asserts that to interpret Act 534 as mandating a calculation of salary benefits based on the salary an employee received at the time of injury, defeats the remedial nature of Act 534.

As there is no precedent interpreting a calculation of benefits under Act 534, we note that the Statutory Construction Act[5] provides in pertinent part:

(a)  the object of all interpretation and construction of statutes is to ascertain and effectuate the

---

[5] 1 Pa. C. S. §1921(a), (b).

intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

Section 1 of Act 534 provides for payment of an employee's "full salary" until the disability no longer prevents return as an employee "at a salary equal to that earned by him at the time of the injury." The statute makes no provision for affording contractual increases to a disabled employee. As the words of the statute are clear, we will not expand the amount of benefits "under the pretext of pursuing its spirit."

Further, we disagree with Lightcap's assertion that limiting the salary paid to that received at the time of injury defeats the remedial nature of Act 534. This interpretation does not interfere with the extraordinary benefits provided by Act 534. For example, Act 534 contains no time limitation on receipt of benefits and an employee, who is injured by the act of a patient can potentially receive a full salary for an unrestricted period of time. In addition, Act 534 makes no distinction between temporary and permanent disability. If the legislature intended to provide contractual increases in the calculation of benefits under Act 534, they would have explicitly so stated. Therefore, it was not error to limit a calculation of Act 534 benefits to the salary earned at the time of injury.

Lightcap also contends that it was error for the attorney examiner to conclude that sick leave, vacation time, personal leave time and holiday time accumulations were not permitted under Act 534. Section 2 of Act 534 provides:

No absence from duty of any State employe to whom this act applies by reason of any such in-

jury shall in any manner be deducted from any period of leave allowed the employe by law or regulation.

61 P.S. §952. Act 534, then, guarantees that a qualified employee will not forfeit that leave time which would have been available to her had she not been absent from work because of an Act 534 injury. In the case at bar, if Lightcap had not been injured, she would have been able to accumulate 45 days of annual leave and up to a maximum of 200 days of sick leave. Lightcap's Act 534 injury should not deprive her of the leave she would have been able to accumulate. Therefore, the attorney examiner erred in concluding that accumulation of leave-time was disallowed under Act 534.

Next, Lightcap contends that the attorney examiner erred in the calculation of credits for leave-time paid to Lightcap after the expiration of her WRDL benefits. Commencing August 17, 1981 and continuing through February 26, 1982, DPW paid $6,492.55 for 139.4 days of accumulated leave time. After DPW determined that it was liable under Act 534, it took credit for the 139.4 days of leave paid to Lightcap against its Act 534 liability. The attorney examiner modified DPW's action and disallowed an offset for the days of personal leave and the holidays because, according to DPW personnel rules, these days could not be accumulated. However, DPW was allowed to offset 45 days of annual leave and 64.65 sick days from its Act 534 liability. These amounts were then to be credited to Lightcap's leave account.

Act 534 has been interpreted by analogy to workmen's compensation law. *Trumpikas v. Department of Public Welfare,* 50 Pa. Commonwealth Ct. 130, 412 A.2d 218 (1980). Under workmen's compensation case law, an employer is entitled to a credit for payments made to an employee who is totally disabled when payments are made, not as wages for work performed but in relief of the employee's inability to work. *Temple v.*

*Department of Highways,* 445 Pa. 539, 285 A.2d 137 (1971). However, an employer is not entitled to a credit, if the payments were incidents or benefits pursuant to the work agreement and are an entitlement, like wages, for services performed. *Id.* The employer is not entitled to credit for payments which come out of an accrued entitlement such as sick leave, vacation pay and holiday pay when holiday pay arises from the performance of services during some preceeding period. *Hartwell v. Workmen's Compensation Appeal Board (McLean Trucking Co.),* 96 Pa. Commonwealth Ct. 313, 507 A.2d 902 (1986).

In the case at bar, the attorney examiner properly concluded that DPW was not entitled to a credit for the 9 holidays and 2.5 personal days. However, DPW should not have been afforded a credit for any annual leave or sick time paid to Lightcap as these payments were an accrued entitlement. *Hartwell.*

Accordingly, the order of DPW's Office of Hearings and Appeals is affirmed with respect to the calculation of salary paid to Lightcap under Act 534 but reversed in its disallowance of the accrual of leave-time. Further DPW is not entitled to a credit for the 139.4 days of leave-time paid to Lightcap. Therefore, the order of DPW is reversed insofar as it allows an offset to DPW for 63.25 days of annual leave and 64.65 days of sick leave and orders the crediting of these amounts to Lightcap's leave account.

## ORDER

AND NOW, June 24, 1987, the order of the Department of Public Welfare in the above-captioned case is affirmed with respect to the calculation of salary, but reversed as to disallowance of the accrual of leave-time and as to allowance of an offset of 63.25 days of annual leave and 64.65 days of sick leave.