**Michael J. CELI, Petitioner**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 7, 2004.

Decided Dec. 8, 2004.

Publication Ordered March 2, 2005.

---

Stanley R. Krakower, Philadelphia, for petitioner.

James Marshall, Philadelphia, for respondent.

BEFORE: COLINS, President Judge, and McGINLEY, Judge, and McCLOSKEY, Senior Judge.

OPINION BY President Judge COLINS.

Michael J. Celi (Petitioner) petitions for review from a final order on the merits by the Secretary of the Department of Public Welfare (DPW) that upheld the order of the DPW Bureau of Hearings and Appeals (BHA), which adopted in whole a referee's decision denying overtime and shift differential pay under Section 1 of the Act of September 2, 1961, P.L. 1224, *as amended,* 61 P.S. § 951, also known as Act 534,[1] and granted all accrued annual, sick, and holiday leave for the relevant periods. We affirm.

The pertinent factual findings are as follows. Petitioner, a psychiatric nurse, suffered an injury from an act by a mental patient while employed in a state mental hospital on March, 28, 1986. Petitioner qualified to receive Act 534 benefits as a result of those injuries. Petitioner received these benefits from June 11, 1986 to October 12, 1986; February 11, 1987 to November 20, 1987; December 31, 1987 to February 13, 1988; and from June 13,

---

1. Act 534 provides that "any employee of a State mental hospital ... who is injured during the course of his employment by an act of ... any person confined in such institution ... shall be paid ... his full salary, until the disability arising therefrom no longer prevents his return as an employee of such department ... at a **salary** equal to that earned by him at the time of his injury."(Emphasis added)

1989 to January 20, 1998. Petitioner received $493.20 per week, an amount equal to his basic hourly rate times 40 hours per week for these periods, but was not paid anything for his overtime hours or shift deferential. Shift differential is the added rate that the employee receives for working weekends, holidays, and late night shifts. Petitioner's average weekly wage was $705.31 at the time of his injury once overtime and shift differential were included with the standard 40 hours. Petitioner wants the difference between these two figures for the periods he was out on Act 534 leave. The Executive Board of the Department of Public Welfare had set Petitioners "salary" before the injury occurred. This salary was 40 hours times the Petitioner's hourly rate.

Additionally, the DPW failed to credit Petitioner for his accumulated leave time which was accumulated while he was out on Act 534 injury. DPW acknowledges that Petitioner is entitled to this time under Section 2 of Act 534, 61 P.S. § 952.[2]

■ Petitioner argues that the DPW erred as a matter of law in limiting the definition of the phrase "full salary" to mean only Petitioner's 40 hours per week, and not to include overtime and shift differential.[3] However, "full salary" as stated in Act 534, *as amended*, 61 P.S. § 951 does not include overtime and shift differential for an hourly employee. Salary is a term intentionally used by the legislature for a limited purpose. Salary does not include overtime and shift differential payments.

This court held in *Roman v. Department of Corrections*, 808 A.2d 304 (Pa.Cmwlth. 2002):

> the purpose of statutes governing benefits for injured State penal and correctional employees of the Department of Public Welfare ... is to provide a full salary, not compensation, to employees in certain dangerous occupations who have been injured on the job and who are expected to recover and return to work in the foreseeable future.

Salary is defined as "fixed compensation paid regularly (as by the year, quarter, month, or week) for services." Webster's Third New International Dictionary 2003 (2002). Overtime and shift differential are not fixed compensation regularly paid. In this case Petitioner was an hourly employee, but he had a set salary as determined by the Executive Board of the Department of Public Welfare. If the legislature had intended for overtime and shift differential to be incorporated into Act 534 it could have changed the term to wage or pay instead of salary.

Disputes arising in other statutory contexts support this interpretation. This court has noted the difference between the two terms in *Borough of Beaver v. Liston*, 76 Pa.Cmwlth. 619, 464 A.2d 679 (1983). Pursuant to the Act of May 29, 1956, P.L. (1955) 1804, *as amended*, 53 P.S. 767–778, the Borough enacted Ordinance No. 441, which established an "Insured Police Pension Annuity Plan" and in language mirroring Section 771 of the Act, 53 P.S. 771, provided that "[m]onthly pension or retirement benefits shall be *one-half the month-*

**2.** 61 P.S. § 952 provides that no absence from duty of any State employee to whom this act applies by reason of any injury shall in any manner be deducted from any period of leave allowed the employee by law or by regulation.

**3.** Commonwealth Courts scope of review is limited to the determination of whether adjudications were made in accordance with law, whether any constitutional rights were violated, and whether any findings of fact upon which decisions were made are supported by substantial evidence of record. *Perna v. Department of Public Welfare*, 807 A.2d 310 (Pa. Cmwlth.2002)

*ly average salary* of such member during the last sixty (60) months of employment." The Borough later enacted Ordinance No. 535, which repealed Ordinance No. 441. The Court held that the term "salary" as used in the act and ordinance providing for pension benefit computation excludes overtime compensation. The Court stated that the fact that the legislature amended the bill to change the word "pay" to "salary" meant that overtime compensation was not to be included with salary when computing a retired police officer's monthly pension benefits. The court stated that "pay" is a broad, general term lacking particular meaning and encompassing myriad forms of remuneration paid in exchange for services. "Salary" on the other hand has a more restricted specific meaning than pay as a category of compensation.

In *Schmidt v. Borough of Stroudsburg*, 670 A.2d 208 (Pa.Cmwlth.1996), *affirmed*, 547 Pa. 159, 689 A.2d 223 (1997), a police officer was injured during the course of duty and claimed that his overtime wages should be incorporated into his Heart and Lung Act benefits, entitling him to "his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased." The Court in *Schmidt* held that overtime wages were not salary because overtime is "necessitated by unforeseen circumstances and is unpredictable and is, therefore, variable rather than fixed." *Schmidt* is particularly helpful because this court stated in *Hardiman v. Department of Public Welfare*, 121 Pa.Cmwlth. 120, 550 A.2d 590 (1988), that

the Heart and Lung Act has nearly identical payment provisions as Act 534.

As to the second issue pertaining to Petitioner's entitlement to accrued leave, this Court held in *Lightcap v. Department of Public Welfare*, 107 Pa.Cmwlth. 98, 527 A.2d 1087 (1987), *petition for allowance of appeal denied*, 518 Pa. 645, 542 A.2d 1372 (1988) that Act 534 guarantees that an employee's accumulated leave time that would have been available to him had he not been on leave is still available and must be credited to the employee. However, in *Mirarchi v. Department of Corrections*, 811 A.2d 1096 (Pa.Cmwlth.2002), this Court stated:

> Section 2 of Act 634 [4] limits benefits to those "allowed the employee by law or regulation." Therefore, Act 632 does not permit injured employees who receive Act 632 benefits to accumulate annual leave in excess of mandatory maximums established by Commonwealth laws or regulations.

■ In this case the DPW does not dispute that Petitioner is entitled to his accrued leave under 61 P.S. § 952. Therefore, Petitioner is granted all accrued annual, sick and holiday leave while he was out on Act 534 contingent upon the amount of time not violating any Commonwealth law or regulation concerning state employees accrued annual leave. If such a regulation exists, Petitioner is granted the time allowed under the regulation in accordance with this Court's decision in *Mirarchi*.

Therefore, we affirm the decision of the DPW that the term "full salary" as stated

---

4. Act of December 8, 1959, P.L. 1718, *as amended*, 61 P.S. 951. We note that "[t]he **act** of December 8, 1959, P.L. 1718, known as Act 632, originally related to employes of State penal and correctional institutions. By the Act of September 2, 1961, P.L. 1224, Act 534, the legislature broadened the original act to include certain employees of the Department

of Public Welfare and of county boards of assistance. Thus, benefits under 61 P.S. 951 may be either Act 632 benefits or Act 534 benefits, depending on the nature of the claimant." *Hardiman v. Department of Public Welfare*, 121 Pa.Cmwlth. 120, 550 A.2d 590 (1988)

in Act 534 does not include overtime and shift differential and Petitioner is granted his accrued annual, sick and holiday leave while he was out on Act 534 plus any applicable interest if Petitioner is no longer working.

### *ORDER*

AND NOW, this 8th day of December 2004, the order of the Secretary of Public Welfare is AFFIRMED.